UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE D. SAYLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-0471-CVE-FHM |
| | ) |
| JOAN M. BERRY, VINITA POLICE, and | ) |
| CRAIG COUNTY SHERIFFS, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is plaintiff's pro se complaint (Dkt. # 2) and plaintiff's motion for leave to proceed in forma pauperis and supporting affidavit (Dkt. # 3). Plaintiff is proceeding pro se and he is seeking $34,000 in damages for costs related to a van. Dkt. # 2, at 4. It is unclear from the allegations of the complaint what happened to the van, but he does allege that he was sent for mental health treatment after he was allegedly falsely accused of threatening to kill his mother and driving a van into her house. Id. at 5. He may also be alleging that law enforcement officers failed to conduct a welfare check at Joan Berry's home. He has named Joan Berry, the Vinita Police, and the Craig County Sheriffs as defendants, and he states that the Court has jurisdiction over the case under 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff

properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted). The court "will not supply additional

factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Defendant identified diversity of citizenship as the basis for federal jurisdiction over this case, but diversity jurisdiction is plainly lacking in this case. Plaintiff states that he is a citizen of Oklahoma and that each of the defendants is a citizen of Oklahoma, and there is no diversity of citizenship. Dkt. # 2, at 1-2. He also does not allege that the amount in controversy exceeds $75,000, and he has limited his claimed damages to $34,000 plus "customized inheritance." Id. at 4. Plaintiff is proceeding pro se and the Court will consider whether he has alleged a claim that could arise under federal law. Although may be attempting to assert claims against law enforcement officers, he has at most alleged that the law enforcement defendants failed to conduct a welfare check at Joan Berry's home, and this cannot reasonably be viewed as a violation of plaintiff's constitutional rights. Id. at 4. Plaintiff has not alleged sufficient facts that would suggest that Berry's constitutional rights were violated by this alleged omission and, even if there were a constitutional violation, plaintiff has not alleged any facts tending to show that he would have standing to bring this claim. The Court finds that plaintiff has not alleged a colorable claim under federal law and the Court finds that plaintiff's complaint should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis and supporting affidavit (Dkt. # 3) is **moot**.

**DATED** this 29th day of September, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE